UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Rashard Zanders, *et al.*,

        Plaintiffs,

                Civ. No. 07-2171 (RHK/JSM)
                **ORDER**

v.

Lori Swanson, *et al.*,

        Defendants.

---

This matter is before the Court on Plaintiff Trisha Farkarlun's Request to File a Motion to Reconsider (Doc. No. 43). For the reasons that follow, her Request will be denied.

This action was filed in May 2007, challenging the constitutionality of a state statute, Minnesota Statutes § 609.505, which made it unlawful for an individual to report police misconduct knowing that the report was false. The Plaintiffs included two journalists, an attorney, three persons claiming to have been victimized by police misconduct, and others, asserting that the statute violated the First Amendment and chilled their free-speech rights. The Complaint sought, *inter alia*, an order enjoining the statute's enforcement.

The Defendants moved to dismiss, and the Plaintiffs cross-moved for summary judgment. By Order dated August 29, 2008, the Court granted the Defendants' Motions and denied the Plaintiffs' Motion. (Doc. No. 34.) The Court concluded that all but one of the Plaintiffs lacked standing to challenge the statute. The Court further concluded that

although the remaining Plaintiff (Farkarlun) enjoyed standing because she had been criminally charged under the statute, <u>Younger</u> abstention was appropriate because she could raise her constitutional challenge in the ongoing criminal proceedings. Judgment was entered dismissing the Plaintiffs' claims without prejudice on August 29, 2008. The Plaintiffs appealed, and on July 20, 2009, the dismissal was affirmed by the Eighth Circuit. <u>Zanders v. Swanson</u>, 573 F.3d 591 (8th Cir. 2009).

Farkarlun now seeks leave to file a motion to reconsider the dismissal of her claims, based on the Minnesota Supreme Court's August 2012 decision in <u>State v. Crawley</u>, 819 N.W.2d 94 (Minn. 2012), which interpreted the constitutionality of the statute in question. Her Request will be denied for several reasons. First, it is untimely. This case has long been closed – it was dismissed in 2008, and that dismissal was affirmed in 2009. To the extent <u>Crawley</u> arguably provides grounds for relief, Farkarlun has not explained why she waited five months after that decision issued to bring the instant Request. Second, and more importantly, the Request fails to demonstrate "compelling circumstances." D. Minn. LR 7.1(h). Farkarlun asserts that her case was dismissed because her constitutional challenge was not then ripe, but that misstates the Court's prior holding. In actuality, the Court abstained from hearing her constitutional challenge in order to give the state courts an opportunity to address it, and that is precisely what has now happened in <u>Crawley</u>. Farkarlun offers no explanation why the Court should revisit the issues addressed by the Minnesota Supreme Court in that case, or even whether this Court *could* revisit those issues in light of *res judicata* and collateral-estoppel principles. Finally, to the extent Farkarlun believes <u>Crawley</u> left constitutional stones unturned, the appropriate

way for her to proceed is not to attempt to revive this long-dormant case, but rather to commence a new action challenging what is left of the statute following Crawley.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Farkarlun's Request to File a Motion to Reconsider (Doc. No. 43) is **DENIED**.

Dated: January 8, 2013                                         s/Richard H. Kyle
                                                               RICHARD H. KYLE
                                                               United States District Judge